**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

| | |
|---|---|
| **GEORGE WOODARD and** | |
| **NELLIE WOODARD** | **PLAINTIFFS** |
| | |
| **v.** | **CIVIL ACTION NO. 3:12-cv-345-HTW-MTP** |
| | |
| **SEARS, ROEBUCK, AND CO.;** | |
| **CARRIER CORPORATION;** | |
| **JOHN DOE 1; and** | |
| **JOHN and JANE DOES 2-10** | **DEFENDANTS** |

### REPORT AND RECOMMENDATION

Plaintiffs brought this action against Sears, Roebuck, and Co., Carrier Corporation, and John and Jane Does 1-10 alleging that certain actions taken by Defendants regarding the sale, maintenance, repair, and replacement of a central air and heating unit resulted in injury to Plaintiffs and constituted negligence, gross negligence, breach of contract, bad faith, product liability, and breach of implied warranties and express warranties.[1]

This matter is now before the Court on Defendant Sears, Roebuck, and Co.'s Motion to Dismiss [19] and Plaintiffs' Motion to Amend Complaint [24]. Having considered the pleadings, the record, and the applicable law, and being fully advised in the premises, the undersigned recommends that Defendant Sears, Roebuck, and Co.'s Motion to Dismiss [19] be granted in part and denied in part and Plaintiffs' Motion to Amend Complaint [24] be granted.

### FACTUAL HISTORY

In 1986, Plaintiffs, George and Nellie Woodard, purchased a Kenmore Sears Central Air and Heating Unit ("the unit") from Defendant Sears, Roebuck, and Co. ("Sears"). (Complaint at

---

[1] Plaintiffs claimed they are entitled to punitive damages as a result Defendants' actions.

1

3.)  Plaintiffs alleged they entered into a maintenance agreement with Sears which stated that Sears would provide preventative maintenance and repairs on the unit.[2] (Compl. at 3.)  Plaintiffs allegedly paid Sears approximately $855 every year since the purchase of the unit to renew the maintenance agreement. (Compl. at 3.)  According to Plaintiffs, they began experiencing problems with the unit almost immediately after purchase. (Compl. at 3.)  The unit allegedly leaked and drained water inside and under Plaintiffs' house. (Compl. at 3.)

Starting sometime after the purchase of the unit and continuing until 2011, Plaintiffs called upon Sears to repair or replace the unit.[3] (Compl. at 3.)  Plaintiffs alleged Sears repeatedly sent technicians that were unable to correct the problems with the unit. (Compl. at 3.)  According to Plaintiffs, Sears replaced the unit in 2006.[4] (Compl. at 4.)  Plaintiffs alleged Sears agreed to repair or replace the unit in 2009, 2010, and 2011 but failed to do so. (Compl. at 4-5.)  According to Plaintiffs, the unit continues to function improperly, and they have suffered out-of-pocket expenses and damage to their home. (Compl. at 5.)  Specifically, Plaintiffs had to level the foundation of their house because of the accumulation of water under the house. (Compl. at 4.)  Also, Plaintiffs have been without heating or air conditioning since 2005 and were unable to live

---

[2] In its Motion to Dismiss [19], Sears contends that it is not a party to the maintenance agreement.  Sears alleged that Plaintiffs entered into a master protection agreement with a non-defendant, Sears Protection Company ("SPC").  Sears provided an *exemplar* master protection agreement as Exhibit B to its Motion.  In their Motion to Amend [24], Plaintiffs seek to add SPC as a defendant in this action, but Plaintiffs do not concede that Sears is a non-party to the agreement.

[3] Plaintiffs, in their Response to the Motion to Dismiss [22], stated that Defendants attempted to repair the unit from 1986 to the present, but the Complaint only specifically mentioned repairs staring in 1993.

[4] Plaintiffs, in their Response to the Motion to Dismiss [22], stated that the unit was replaced multiple times, but the Complaint only specifically mentioned one replacement, in 2006.

in their home for a period of time. (Compl. at 5.)

Plaintiffs commenced this action on April 19, 2012, in the Circuit Court for the First Judicial District of Hinds County, Mississippi. (Compl. at 1.) On May 15, 2012, this action was removed to the United States District Court for the Southern District of Mississippi. (Notice of Removal [1].) Thereafter, Sears moved to have Plaintiffs' claims dismissed pursuant to Federal Rule of Civil Procedure 12(c). (Def.'s Mo. Dis. at 2.) Sears contends that Plaintiffs' claims are barred by the applicable statues of limitations. (Def.'s Mo. Dis. at 2.) Sears also contends that it owed no duty to Plaintiffs because it was not a party to the maintenance agreement. (Def.'s Mo. Dis. at 2.) Plaintiffs oppose the motion to dismiss. (Pls' Res. Mo. Dis.) Plaintiffs also seek leave to amend their complaint. (Pls' Mo. Am.)

## ANALYSIS

## Motion to Dismiss

### *Standard of Review*

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Courts evaluate a "motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). Therefore, to survive Sears's Rule 12(c) motion, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co., LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010).

Plaintiffs' allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

3

fact).ˮ *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While mere labels and conclusions are insufficient, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *PSKS, Inc. v. Leegin Creative Leather Products, Inc.*, 615 F.3d 412, 417 (5th Cir. 2010).

*Statutes of Limitations*

Courts are generally hesitant to grant a motion to dismiss based on a statute of limitations; however, where it is apparent from the pleadings that a claim is time-barred, a statute of limitations may support dismissal. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Southgate Shopping Center v. Walmart Stores, Inc.*, 2006 WL 3349242, *1 (N.D. Miss. Nov. 17, 2006). Where a defendant asserts a statute of limitations as a defense and demonstrates that the statute bars a claim, the plaintiff bears the burden to demonstrate some legal or equitable basis for avoiding the statute of limitations. *Archer v. Nissan Motor Acceptance Corp.*, 633 F. Supp. 2d 259, 265 (S.D. Miss. 2007) (citing *Gulf Nat'l Bank v. King*, 362 So. 2d 1253, 1255 (Miss. 1978); *Hall v. Dillard*, 739 So. 2d 383, 387-88 (Miss. App. 1999)). In this case, Defendants have demonstrated that the applicable statutes of limitations bar Plaintiffs' claims, absent some legal or equitable basis for avoiding these statutes.

As Sears correctly noted, Plaintiffs' claims for negligence, gross negligence, breach of contract, bad faith, product liability, and punitive damages are governed by Mississippi's residual statute of limitations, which is three years. Miss. Code § 15-1-49 ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after

4

the cause of such action accrued, and not after."). Plaintiffs' remaining claims for breach of implied and express warranties are governed by Mississippi Code § 75-2-725, a six-year statute of limitation.

Plaintiffs purchased the unit from Sears in 1986. (Compl. at 3.)  At that time, Plaintiffs entered into a maintenance agreement. (Compl. at 3.)  Sears contends the statutes of limitations began to run shortly after Plaintiffs purchased the unit when they allegedly began experiencing problems with the unit, and therefore, the applicable statutes of limitations had expired by the time Plaintiffs filed this action on April 19, 2012.

Plaintiffs do not dispute that their claims are subject to Mississippi Code §§ 15-1-49 and 75-2-725.  Plaintiffs, however, contend that the applicable statutes of limitations were tolled. Specifically, Plaintiffs argued that the statutes were tolled by the continuing tort doctrine because Plaintiffs "have repeatedly and continuously experienced ongoing issues, and the damage continues to accrue constantly . . . ." (Plaintiffs' Memorandum in Support of Response to Motion to Dismiss [23] at 3.)

Continuing Tort Doctrine

Plaintiffs' claims are based on the alleged sale of a defective product; improper installation of said product; and failure to provide adequate service through proper maintenance, repair, and replacement of said product.  Plaintiffs alleged that Defendants' wrongful conduct began in 1986 and continued through 2011, and as a result, the statutes of limitations were tolled by the continuing tort doctrine.

A continuing tort may toll a statute of limitations.  Under Mississippi law, however, "[a] continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts,

not by continual ill effects from an original violation." *Pierce v. Cook*, 992 So. 2d 612, 619 (Miss. 2008) (quoting *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 148 (Miss. 1998)). The Mississippi Supreme Court described these continual acts as "wrongful conduct that is repeated until desisted," emphasizing it is the repeated conduct, not the repeated injury, that tolls the statute of limitations. *Id.*; *Bellum v. PCE Constructors, Inc.*, 407 F.3d 734, 741 (5th Cir. 2005) (finding that, under Mississippi law, "[t]he continuing tort doctrine does not apply when a plaintiff [] simply alleges that harm reverberates from one wrongful act or omission").

In their Response Brief, Plaintiffs primarily focused on the "[c]ontinuing and repeated injuries" they suffered. (Pls' Mem. Res. Mo. Diss. at 3.) This focus confuses continuing harm with continuing tortious conduct. The later, under certain circumstances, may constitute a continuing tort, but the former, standing alone, cannot. *Smith*, 726 So. 2d at 149; *Bellum*, 407 F.3d at 742.

Plaintiffs also pointed to Sears's ongoing failure to repair or replace the unit. However, this alleged failure did not transform the claims into a continuing tort. Sears originally had a duty to sale and properly install a functioning unit. The failure to correct the faulty product/installation did not turn the discrete and separately actionable act of improperly installing a defective product into a continuing tort. *See Peavey Electronic Corp. v. Baan U.S.A.*, 10 So. 3d 945, 955 (Miss. App. 2009) (holding that defendant's denials that its product was defective, even if false, did not transform the conduct into a continuing tort).[5]

Sears's "continuing" failure, properly analyzed, acted upon the earlier breach merely as a

---

[5] See, for example, *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 364-65 (5th Cir. 1988) (applying Texas law).

failure to cure.  "[T]he mere failure to right a wrong and make plaintiff whole cannot be a continuing wrong which tolls the statute of limitations, for that is the purpose of any lawsuit and the exception would obliterate the rule." *Fitzgerald v. Seamans*, 553 F.2d 220, 230 (D.C. Cir. 1977).  In other words, a statute of limitations would be rendered ineffectual if it were tolled until the wrong was righted.

If Sears sold a defective unit or improperly installed the unit, the tort was complete at the sale or installation.  "Where the tortious act has been completed . . . the period of limitations will not be extended on the ground of a continuing wrong." *Smith*, 726 So. 2d at 148.  The original tortious conduct was definite and discoverable, and nothing prevented Plaintiffs from seeking redress. *See Aultman v. Kelly*, 109 So. 2d 344, 346 (Miss. 1959).  These allegedly wrongful acts were not cumulative. *See Sunbeck v. Sunbeck*, 2011 WL 5006430, *5 n.5 (N.D. Miss. Oct. 20, 2011).

The ongoing duty to repair or replace the unit, if existent, derived from the maintenance agreement or Defendants' representations.  The failure to meet this duty may constitute a *new* breach.  The duty derived from the maintenance agreement or Defendants' representations is distinct from the original duty to properly install a functioning unit.  The continuing tort doctrine did not toll the statutes of limitations governing the claims arising from the original sale and installation of the unit.  Accordingly, Plaintiffs' claims against Sears arising from the original sale and installation of the unit are time-barred and should be dismissed.

*Claims Arising After the Sale and Installation of the Unit*

Having determined that Plaintiffs' claims arising from the original sale and installation of the unit are barred by the applicable statutes of limitations, the undersigned shall consider

whether Plaintiffs' remaining claims against Sears should be dismissed at this juncture. Sears seeks dismissal of the remaining claims based, in part, on the argument that Sears owed no duty to Plaintiffs because it was not a party to the maintenance agreement. In its Brief, Sears argued that SPC "is the obligor under the contract which forms the basis of Plaintiffs' alleged claims," and Sears "has no relationship, contractual or otherwise, with Plaintiffs . . . ." (Defendant Sears's Memorandum in Support of Motion to Dismiss [20] at 2.)

In support of its argument, Sears provided an *exemplar* master protection agreement. (Def.'s Mo. Dis. Ex. B.) Sears's exhibit, however, is simply a model agreement and not the actual agreement entered into by Plaintiffs. Furthermore, Plaintiffs alleged in their Complaint that they entered into the maintenance agreement with Sears. (Compl. at 3.) Plaintiffs also alleged that Sears made representations regarding the unit and unsuccessfully attempted to repair and replace the unit. (Compl. at 4-5.) At this time there is not enough information in the record to determine the identity of the proper parties or fully understand the relationship between Plaintiffs, Sears, and SPC.

Sears also argued that Plaintiffs simply pleaded conclusory allegations and, therefore, failed to plead a duty on the part of Sears. (Defendant Sears's Reply to Response to Motion to Dismiss [27] at 4.) Plaintiffs, however, go beyond naked assertions in support of their claims against Sears. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs alleged in their Complaint that they entered into a maintenance agreement with Sears. (Compl. at 3.) Plaintiffs also alleged that Sears made representations regarding the unit and unsuccessfully attempted to repair and replace the unit. (Compl. at 4-5.) Plaintiffs have provided factual allegations which, if accepted as true, state claims that are plausible on their face. *Great Lakes*, 624 F.3d at 210.

Additionally, Sears contends that Plaintiffs' remaining claims are also barred by the statutes of limitation.  However, Plaintiffs alleged that Sears had a ongoing duty arising from the maintenance agreement and Sears's representations. (Compl. at 3-5.)  Plaintiffs described Sears's actions as a continuing failure to fulfill its duties.  Sears's alleged conduct and failures, if true, might toll the statutes of limitations. *Smith*, 726 So. 2d at 149.  Accordingly, Plaintiffs' claims against Sears arising after the sale and installation of the unit should not be dismissed at this time on an incomplete record.

The undersigned does not suggest that the statutes of limitations were, in fact, tolled by the continuing tort doctrine or any other legal or equitable basis.[6]  Plaintiffs' claims may, in fact, be time-barred, but under the current record, there is not enough information to determine whether the statutes of limitations were tolled on some equitable or other basis.  A motion to dismiss should only be granted on the basis of a statute of limitations where it is apparent that the claim is time-barred. *Jones*, 339 F.3d at 366.  Whether the statutes of limitations bar Plaintiffs' remaining claims is not apparent at this juncture.  Accordingly, Sears's Motion to Dismiss should be denied without prejudice as to claims arising after the sale and installation of the unit.

### Plaintiffs' Motion to Amend Complaint

Plaintiffs seek to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  Pursuant to Rule 15, a party may amend its pleading with the court's leave, and "[t]he

---

[6] In their pleadings, Plaintiffs described Sears's representations and actions (attempts to repair and replace) as conduct that tolled the statutes of limitations.  The concept that a statute of limitations can be tolled by representations and attempted repairs is a particularized form of equitable estoppel. *Townes v. Rusty Ellis Builder, Inc.*, 98 So. 3d 1046, 1055 (Miss. 2012)

9

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 "evinces a bias in favor of granting leave to amend." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006). A grant of leave, however, is "by no means automatic." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999). Factors such as undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by prior amendments; undue prejudice; and futility of the amendment can be considered. *Forman v. Davis*, 371 U.S. 178, 182 (1962). These factors, weighed together, favor granting leave to amend.

Plaintiffs delayed seven months after the removal of this case to seek leave to amend, but they did seek leave immediately after Sears referenced SPC's possible role in the maintenance agreement. Plaintiffs have not previously sought to amend their complaint. The parties will not be unduly prejudiced, as this action is currently stayed and little, if any, discovery has been conducted. Also, it is not apparent that Plaintiffs' amendment will be futile. Accordingly, Plaintiffs should be granted leave to amend their Complaint.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends:

1. Defendant Sears, Roebuck, and Co.'s Motion to Dismiss [19] be granted as to Plaintiffs' claims arising from the original sale and installation of the unit and denied as to Plaintiffs' remaining claims; and

2. Plaintiffs' Motion to Amend Complaint [24] be granted, and Plaintiffs be allowed seven (7) days to file their Amended Complaint.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 30th day of August, 2013.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge